Post and another *vs.* Boardman and another.

An usurious note is made payable to a firm consisting of two persons. A suit at law was commenced upon it in Sept. 1837, in the name of one of the firm. The defence of usury was set up, but no affidavit was made of the truth of it, to entitle the defendants to call upon the plaintiff to prove the usury. The defendants called the member of the firm who was not a party plaintiff, and who negotiated the loan; but he declined to testify, upon the ground of his continued interest in the note; and a verdict was given for the plaintiff.—Held, that in a bill to review such verdict, it is necessary to allege that the plaintiff at law had no knowledge of the usury, and could not prove it if called as a witness under the act of 1837; and for want of such averment, a demurrer to the bill was allowed.

In April, 1836, the complainant John Post borrowed of the defendant Silas Boardman the sum of $200, at an usurious rate of interest, for which he executed a note with Fellows as his surety, to J. & S. Boardman, the two defendants, who were in partnership as brokers. The bill alleges that the loan was continued after the note became due, without the consent of Fellows, the surety, and upon the judgment of a continued usurious interest. In Sept. 1837, a suit at law was commenced upon the note in favor of John Boardman as plaintiff against the complainants. The complainants pleaded the usury and some special pleas, upon which issue was joined; but they did not make affidavit so as to be entitled to call John Boardman, the plaintiff, to testify to the usury. They did, however, call Silas Boardman as a witness, who declared that he was jointly interested with the plaintiff in the property of the note, and refused to testify. A verdict was accordingly rendered against the complainants, and this bill was filed

Oct. 1840

Post and another

v.

Boardman and another.

to avoid it on the ground of usury. A demurrer is put in, and the cause is brought to argument upon the demurrer.

*H. E. Rochester*, for complainants.

*C. M. Lee*, for defendants.

THE VICE CHANCELLOR. The suit at law on the note could have been defended at law on the ground of usury, by the testimony of the plaintiff therein, who was one of the payees of the note, if the defendants had made the requisite affidavit to entitle them to call upon him as a witness to such fact. The second section of the act of 1837, applied to this case, and gave power to the defendants to call upon the plaintiffs in the suit at law, to testify as to the usury. If this afforded the defendants at law and the complainants in this suit, adequate redress, it is a well settled principle that the cause cannot be tried over again here. It seems that the complainants were surprised by the testimony of Silas Boardman, whose testimony was rejected by reason that he was virtually one of the plaintiffs. This undoubtedly was unexpected to the complainants; but unless they were aware that the plaintiff in the suit at law was wholly ignorant of the transaction in relation to the alleged usurious loan, they should as prudent men have called the plaintiff at law as a witness. They would be held excused from so doing, indeed, if the plaintiff at law was entirely ignorant of the usurious loan. This plaintiff was one of the payees of the note—he was one of the firm to whom it was made payable; and might therefore be legally presumed to know something of the circumstances attending the transaction.

Still it is barely possible he might have been ignorant of it; but if so, this should have been alleged in the bill. The bill states, it is true, that the negotiation was made with Silas Boardman; but in a case of this kind, the bill should go farther, and allege that John Boardman knew nothing of the usurious transaction, and could not have proved it if called upon as a witness under the act of 1837. If the complainants have been negligent in not calling upon the plaintiff at law in the trial at law, when his testimony would have proved their defence at law, I shall not aid them in avoiding the consequences of that negligence by sustaining this bill, even though they were surprised by the declining of Silas Boardman to testify. But if the plaintiff at law could not have proved the usurious transaction if called upon, the surprise induced by the position in which Silas Boardman placed himself, would justify a resort to this court. The defect in the bill is, that it does not allege that John Boardman, if called upon to testify under the act of 1837, could not prove the defence— in other words, the bill renders no sufficient excuse for not taking advantage of the means which the act of 1337 put in the power of the complainants, to have the whole question fully tried at law. If it could have been fully tried there, it cannot be heard here. The facts of the case may however authorise the complainants to add such an allegation to their bill. I shall therefore give them an opportunity to amend. But in the mean time the demurrer is allowed; and the complainants' bill must be dismissed with costs, unless the complainants shall, within twenty days, amend their bill, and pay the costs of the demurrer and of the argument thereof.